**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSE TEJA-URBANO,<br>*Petitioner,*<br>v.<br>J.L. JAMISON, et al.,<br>*Respondents.* | CIVIL ACTION<br>NO. 26-5955 |

**ORDER**

**AND NOW**, this 21st day of August, 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Teja-Urbano is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1] Over twenty years ago, Jose Teja-Urbano entered the United States through the southern border with Mexico. (Pet. ¶ 18, Dkt. No. 1.) He moved to Delaware with his family, (*id.* ¶ 19), but DHS officials arrested him on August 14, 2026 and transported him to the Philadelphia Federal Detention Center, (*id.* ¶¶ 21–22.) He is currently detained there under § 1225(b)(2) without a bond hearing (*Id.* ¶¶ 2–3, 23.)

Teja-Urbano filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act, and due process. (*Id.* at 13–17.) He seeks an order to prevent his transfer outside the district, declare his detention unlawful, and immediately release him from custody or alternatively conduct a bond hearing. (*Id.* at 17–19.) The Government claims he is lawfully detained. (Gov't Resp. in Opp'n at 1–2, Dkt. No. 3.)

The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026). Teja-Urbano was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him. Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel*, 2025 WL 3218243, at *5. Ordering a bond hearing is more appropriate than releasing Teja-Urbano, and the Court need not address his due process or APA claims. *See Montano-Gordillo v. Jamison*, No. 26-3030, 2026 WL 1949503, at *2–3 & n.1 (E.D. Pa. July 6, 2026).

2. **On or before August 27, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Teja-Urbano with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the immigration judge deny bond, Teja-Urbano may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.